# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARIELY M. ORTIZ,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**BIOANALYTICAL INSTRUMENTS, INC., <u>et al.</u>,**<br><br>    **Defendants.** | **CIVIL NO. 15-2196 (PAD)** |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is defendant Bioanalytical Instruments, Corp. "Informative Motion" seeking to exclude plaintiff's expert witness (Docket No. 36), which plaintiff opposed (Docket No. 39). For the reasons below, the motion is GRANTED.

### I.    BACKGROUND

On December 11, 2015, the court set May 31, 2016, as deadline to conduct discovery (Docket No. 18). On June 16, 2016, the parties jointly moved to extend the discovery period so that plaintiff would submit the expert report by July 15, 2016 and discovery conclude by August 31, 2016 (Docket No. 30). The court granted the extension requested (Docket No. 31).

On August 23, 2016, the parties filed another motion to extend the discovery cutoff date (Docket No. 33). On August 24, 2016 the court denied as unsupported the parties' request, allowing them to refile "including all discovery conducted to date and listing all pending discovery," so that the court could determine if additional time for discovery was warranted (Docket No. 33). On August 29, 2016, the parties complied (Docket No. 34), stipulating that plaintiff would submit her expert report by September 15, 2016 (<u>id.</u> at ¶ 3.b.) and that all discovery would conclude by

October 31, 2016. On August 31, 2017, the court granted their proposed modifications (Docket No. 35).

On October 31, 2017, the last day of discovery, defendant moved the court to exclude plaintiff's expert witness – Mónica Parra-Figueroa – because plaintiff only announced her as an expert but did not produce her expert report (Docket No. 36).[1]  Plaintiff countered that she produced her expert report the last day of discovery at 2:42 p.m. and that as such, defendant's motion lacks merit. Plaintiff is plain wrong.

## II.  DISCUSSION

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure states that a party must provide its expert disclosures at the time and in the sequence that the court orders; and that absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.  These provisions are enforced through Rule 37(c)(1) of the Federal Rules of Civil Procedure, according to which:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c)(1).

As stated above, the parties had until October 31, 2016 to conduct discovery.  And plaintiff

---

[1] The court wishes to note its frustration with Bionalytical Instruments, Inc.'s "Informative Motion" – which is really a motion to exclude an expert witness – as it is devoid of any factual and legal analysis, and cites no case law in support of the request.

had to submit her expert report by September 15, 2016. From the record, plaintiff did not disclose all of the expert material within that period. The baseline for noncompliance is mandatory preclusion. See, Santiago-Díaz v. Laboratorio Clínico y De Referencia Del Este And Sara López, M.D., 456 F.3d 272, 276 (1st Cir. 2006)(so noting).

Plaintiff alleges that on October 31, 2016 – a few hours before the expiration of the discovery period – she emailed defendant's attorney a copy of plaintiff's expert's report. (Docket No. 39 at p. 1). But apart from requiring a party to disclose to other parties the identity of any person who may be used at trial as an expert, Rule 26 requires that such disclosure be accompanied by a written report. See, Fed.R.Civ.P. 26(a)(2)(B).[2]

Finally, Ms. Parra-Figueroa's report was produced after expiration of the court-set period for plaintiff to produce her expert report and just a few hours before the expiration of the cutoff to conduct discovery, effectively compromising defendant's ability to carry out complete expert related discovery within that period. No persuasive reason has been proffered for the late disclosure. In consequence, the untimeliness subjects Ms. Parra-Figueroa's testimony to Rule 37 exclusion.

### III. CONCLUSION

Considering the totality of circumstances, untimeliness cannot be considered harmless. In this way, defendant's motion at Docket No. 36 is granted.

---

[2] Specifically, the rule requires that the written report contain:
> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Id.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of September, 2017.

              S/Pedro A. Delgado-Hernández
              PEDRO A. DELGADO-HERNÁNDEZ
              United States District Judge